J-S25007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMIL M. COOPER | |
| Appellant | No. 81 MDA 2019 |

Appeal from the PCRA Order entered December 20, 2018
In the Court of Common Pleas of Lycoming County
Criminal Division at No: CP-41-CR-0001464-2009

BEFORE:  STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:  **FILED AUGUST 08, 2019**

Appellant, Emil M. Cooper, *pro se* appeals from the December 20, 2018 order of the Court of Common Pleas of Lycoming County dismissing as untimely his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The factual and procedural background is not at issue.  Briefly, following a bench trial, Appellant was found guilty of attempted criminal homicide, aggravated assault (2 counts), simple assault (2 counts), and possession of an instrument of crime.  ***See Commonwealth v. Cooper***, 565 MDA 2012 (Pa. Super. filed September 19, 2012).  On appeal, we affirmed.  ***Id.***  Our Supreme Court denied Appellant's petition for allowance of appeal on March 6, 2013.

Appellant filed the instant PCRA petition, his third, on November 6, 2018. The PCRA court denied it on December 20, 2018. This appeal followed.

Appellant acknowledges that the instant petition is facially untimely.[1] However, he argues that the instant petition meets "the newly-discovered evidence" exception under Section 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Appellant argues that he did not know his limited mental competence was relevant at his trial, appeal, and collateral review, and that he learned about its relevancy only recently. Accordingly, Appellant argues, all prior counsel were ineffective for not pursuing the mental incompetence avenue. The PCRA court, in reviewing the claim, found that it was untimely and that it did not meet any exception to the time-bar. We agree.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this

---

[1] Appellant's judgment of sentence became final June 4, 2013, that is, upon the expiration of the 90-day period for seeking appellate review to the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Rule 13, Rules of the Supreme Court of the United States.

exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2]

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady*[3] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999)).

---

[2] Section 9545(b)(2) was recently amended to enlarge the deadline from sixty days to one year. However, the amendment applies only to claims arising on or after December 24, 2017.

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

At issue here is the newly-discovered exception. The newly-discovered exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017).

It is well-established that Appellant's discovery that all counsel were ineffective for not pursuing his mental incompetence claim is not a newly-discovered "fact" that qualifies for the exception under Section 9545(b)(1)(ii). *See*, *e.g.*, *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785-86 (Pa. 2000); *Commonwealth v. Pursell*, 749 A.2d 911 (Pa. 2000) (claims of counsel's ineffectiveness do not escape the PCRA one-year time limitation merely because they are presented in term of current's counsel discovery of the fact); *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000) (couching argument in terms of ineffectiveness cannot save a petition that does not fall into exception to time-bar).

Additionally, Appellant, in his brief, confirms that all prior counsel were aware of his mental condition, they all told Appellant that they "would argue this mitigating factor to the trial court, but failed to do so." Appellant's Brief at 10. It is clear, therefore, that Appellant has been aware of the alleged ineffective assistance of counsel for a considerable period of time and failed to act on it in a timely manner. The claim is, therefore, untimely.

Appellant finally argues that prior counsel were ineffective for not seeking quashal of the underlying indictment. All PCRA claims, including

- 4 -

ineffective assistance of counsel claims, are subject to the same jurisdictional time limitation described above. As with all PCRA claims, it is incumbent on Appellant to plead and prove by a preponderance of the evidence that he is entitled to relief. *See*, *e.g.*, 42 Pa.C.S.A. § 9543(a). The instant claim is patently untimely, and Appellant makes no effort to explain what exception, if any, would save this otherwise untimely claim. We must therefore conclude that the second claim is also untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2019